NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL GALDAMEZ-LAINEZ, et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3895 <br><br> Agency Nos. <br> A209-219-275 <br> A209-219-276 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
San Francisco, California

Before: TYMKOVICH***, M. SMITH and BUMATAY, Circuit Judges.

Samuel Galdamez-Lainez and his minor son petition for review of the Board

of Immigration Appeals' ("BIA") order upholding an Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

1

determination that they were not entitled to asylum, withholding of removal, or protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

As in this case, when the BIA adopts and affirms the decision of the Immigration Judge pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and adds its own comments, this court reviews the decisions of both the BIA and the Immigration Judge. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800 (9th Cir. 2013). We review legal issues *de novo*, *see Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014), and administrative findings of fact for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B). That means we uphold factual findings by the agency "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (simplified).

1. Applicants for asylum must prove that they meet the statutory definition for "refugee." *See* 8 U.S.C. §§ 1158(b)(1)(A), 1229a(c)(4)(A)(i); 8 C.F.R. § 1208.13(a). To do so, applicants must show either past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A). Either way, that persecution must be motivated by a protected ground, which includes "membership in a particular

---

[1] Petitioners filed one Form I-589, Application for Asylum and for Withholding of Removal, on behalf of Galdamez-Lainez with his son as a derivative. *See* 8 U.S.C. § 1158(b)(3)(A). Thus, his son is not eligible for statutory withholding. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013).

social group" or "political opinion." *Id.* The protected ground must be a "central reason" for the persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009).

Galdamez-Lainez claims membership in two proposed social groups: "adult member of the Galdamez Pinera family" and "El Salvadorean business owners who have refused to comply with organized crime gang authority demands." But substantial evidence supports the agency's determination that there is no nexus between any past or future persecution and Galdamez-Lainez's asserted group memberships.

The record does not compel the conclusion that Galdamez-Lainez's family relationship played any more than an incidental role in motivating the gang. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023). Galdamez-Lainez cites no evidence that the gang members had animus against the family based on biology, family history, or other unique features. His testimony never explained what he believed motivated the gang members. But a petitioner "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis in original). Thus, substantial evidence supports the agency's finding of a lack of nexus for this group.

Galdamez-Lainez fares no better with his membership in a group of business owners who openly oppose gangs. Galdamez-Lainez points to no evidence that he

3

was treated differently than any other business owner in the area. Instead, he acknowledged that the gang extorts all business owners in the area. And he stated that he has been similarly extorted by other gang members when travelling in different parts of El Salvador. Therefore, the record supports the agency's determination that the gang targeted Galdamez-Lainez for general "economic reasons"—not because of a special animus directed towards him as a public opponent of gangs. *See Rodriguez-Zuniga*, 69 F.4th at 1019 (simplified).

Nor does Galdamez-Lainez point to evidence that the gang would have been aware of, and thus potentially motivated by, any political opinion he might hold. As a result, substantial evidence supports the agency's determination of a lack of nexus on that ground too.

Finally, for the same reasons, substantial evidence supports the agency's conclusion that any well-founded fear of future persecution by Galdamez-Lainez also lacks a nexus to a protected ground. Because lack of nexus between either past or future persecution and a protected ground is sufficient to dispose of the asylum claim, we do not reach Galdamez-Lainez's challenges to the agency's past persecution or well-founded fear analysis.

2. Galdamez-Lainez's statutory withholding claim also fails for lack of nexus. To establish eligibility for statutory withholding of removal, a petitioner must demonstrate that his life or freedom would be threatened in the country of removal

4

because of, *inter alia*, membership in a particular social group or political opinion. 8 U.S.C. § 1231(b)(3)(A). Because, as noted above, the record does not compel the finding that membership in a protected social group or political opinion was a motivation of the gang, substantial evidence supports the agency's conclusion of lack of nexus for the statutory withholding claim. *See Rodriguez-Zuniga*, 69 F.4th at 1023.

3. A petitioner seeking protection under CAT must show he is more likely than not to be tortured if he were to return to the proposed country. 8 C.F.R. § 208.16(b). A showing of past torture creates the presumption of future torture. *Id.* at (b)(1)(i). Substantial evidence supports the agency's determination that Galdamez-Lainez had not been tortured and was not likely to be tortured upon his return to El Salvador. As the Immigration Judge noted, the unfulfilled threats against Galdamez-Lainez and his family did not rise to the level of torture. *See Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (noting that past torture is "ordinarily the principal factor" in CAT analysis (simplified)). Further, Galdamez-Lainez and his family safely relocated within El Salvador, and his wife and other child remain there safely. Galdamez-Lainez's wife reported gang threats to the Salvadorean police, who investigated the crime. So the record does not compel a conclusion contrary to the agency's on this point.

4. Finally, Galdamez-Lainez is incorrect to assert that the BIA did not address his argument that the Immigration Judge relied too extensively on a subsequently vacated decision of the Attorney General, *Matter of L-E-A-*, 27 I. & N. Dec. 581 (AG 2019). The BIA adequately addressed that issue by noting that the Immigration Judge in fact neither cited nor relied on that AG decision.

**PETITION DENIED.**